LAURA APPLETON[1] vs. TOWN OF HUDSON & others.[2]

Middlesex.    April 7, 1986. — June 25, 1986.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. Civil Rights,* Availability of remedy. *Municipal Corporations,* Liability for tort, Duty to prevent harm.

Allegations that a plaintiff, together with her husband, had complained to municipal officers about illegal sales of alcoholic beverages to minors who frequented a certain drinking establishment near their home, and about dangerous traffic conditions, and that, after these complaints, the plaintiff had been injured and her husband killed when their automobile collided near their home with a vehicle operated by an intoxicated minor, were not sufficient to state a cause of action against the town or its officers under the Massachusetts Tort Claims Act, G. L. c. 258, for failure to provide adequate police protection on a public way or to prevent licensed drinking establishments from serving liquor to minors. [815-816]

Allegations that a plaintiff had been injured, and her husband killed, in a vehicular accident resulting from the failure of a town and its officers to provide adequate police protection on a public way or to prevent licensed drinking establishments from serving liquor to minors described no conduct that could be considered "threat, intimidation or coercion" so as to establish a claim under the Massachusetts Civil Rights Act, G. L. c. 12, § 11I. [817]

Allegations that a plaintiff had been injured, and her husband killed, in a vehicular accident resulting from the failure of a town and its officers to provide adequate police protection on a public way or to prevent licensed drinking establishments from serving liquor to minors would not support a finding that the town or its officers had deprived the plaintiff of rights secured by the Constitution or laws of the United States so as to establish a claim under the Federal Civil Rights Act, 42 U.S.C. § 1983 (1982). [817-819]

[1] Individually and as administratrix of the estate of Allen E. Appleton.

[2] The selectmen of Hudson and the town administrator.

CIVIL ACTION commenced in the Superior Court Department on June 13, 1984.

The case was heard by *John Paul Sullivan, J.*, on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Damon Scarano* for the plaintiff.

*Robert S. Brintz (Patrick F. Brady* with him) for the defendants.

ABRAMS, J. On June 26, 1982, the plaintiff, Laura Appleton, was seriously injured and her husband, Allen Appleton, was killed in an automobile accident on River Street in Hudson. The plaintiff, individually and as administratrix of her husband's estate, brought this action under G. L. c. 258, § 1 (1984 ed.), the Massachusetts Tort Claims Act; G. L. c. 12, § 11 (1984 ed.), the Massachusetts Civil Rights Act; and 42 U.S.C. § 1983 (1982), the Federal Civil Rights Act, to recover damages allegedly caused by the defendants' negligent failure "to properly administer safe road standards at River Street and throughout the Town of Hudson" and for failure "to enforce the ordinances and statutes relative to . . . supervision over serving liquor to minors at licensed drinking establishments."

A judge of the Superior Court allowed the defendants' motion to dismiss the plaintiff's amended complaint for failure to state a claim on which relief could be granted. Mass. R. Civ. P. 12 (*b*) (6), 365 Mass. 754 (1974). The plaintiff appealed,[3] and we ordered the matter transferred to this court. We affirm.

---

[3] The complaint also named as a defendant the acting chief of police. The trial court docket does not reflect any appearance by counsel for the police chief or that service of process was ever made on him. The police chief also did not participate in the motion to dismiss which precipitated dismissal of the action and the instant appeal. Because the action involved multiple parties, the court should not have entered judgment against fewer than all the parties without "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Mass. R. Civ. P. 54 (*b*), 365 Mass. 820 (1974). See *New England Canteen Serv., Inc.* v. *Ashley,* 372 Mass. 671, 677-678 (1977). We do expect strict compliance with this rule. *Bragdon* v. *Bradford O. Emerson, Inc.,* 19 Mass.

We summarize the facts alleged in the plaintiff's amended complaint. The Appletons were residents of River Street in Hudson for five years. River Street is a public way in the control of the town of Hudson, and had been the site of numerous accidents and fatalities from 1972 to 1982. Also situated on River Street was the Hudson Portuguese Club, which held a liquor license issued by the selectmen. The Portuguese Club had had numerous problems with drinking by minors; six months before the accident, the Appletons had complained to the town police and selectmen about underage drinking at the club and about dangerous speeding conditions on River Street. "The drinking at the Hudson Portuguese Club by minors and the dangerous traffic conditions on River Street were potentially explosive situations within the control of the town of Hudson, its selectmen, Police Chief and supervisory personnel."

On the evening of June 25, three minors purchased liquor illegally at the Portuguese Club and at several other drinking establishments licensed by the town. The three youths, under the influence of alcohol, then raced their automobiles through the streets of Hudson. About one o'clock on the morning of June 26, the three youths, still drunk, raced along River Street at speeds over ninety miles per hour, crossed into the wrong lane, and crashed into an automobile driven by Allen Appleton. Allen Appleton was killed and the plaintiff, a passenger in the car, was seriously injured and hospitalized.

" '[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.' Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true." *Nader* v.

App. Ct. 420, 422-423 & n.3 (1985). Nevertheless, in view of the plaintiff's failure to serve process on the police chief, the police chief's nonparticipation in all of the proceedings, and the fact that a remand would needlessly delay conclusion of the case, we treat this appeal as properly before us. *New England Canteen Serv., Inc., supra.* See *Wellesley College* v. *Attorney Gen.,* 313 Mass. 722, 731 (1943). We express no opinion on the status of the claim against the police chief.

*Citron,* 372 Mass. 96, 98 (1977), quoting *Conley* v. *Gibson,* 355 U.S. 41, 45-46 (1957). Applying these generous principles, we conclude that the complaint was properly dismissed.

1. *Claims under G. L. c. 258, § 1, the Massachusetts Tort Claims Act.* The defendants include the town of Hudson, the selectmen of Hudson, and the town administrator. The complaint alleges negligence in the performance of their official duties by the selectmen and the administrator. Under § 2 of the Massachusetts Tort Claims Act, a public employee is not liable for "personal injury or death caused by his negligence or wrongful act or omission while acting within the scope of his office or employment." The public employer, however, is liable for such an injury or death as if it were a private individual, subject to certain limitations. G. L. c. 258, § 2. The selectmen and the administrator are "public employees" within the terms of the act[4] and thereby exempt from liability. Consequently, the plaintiff's claims against them under the Massachusetts Tort Claims Act were properly dismissed. *Taplin* v. *Chatham,* 390 Mass. 1, 2 (1983). *Pruner* v. *Clerk of the Superior Court in the County of Norfolk,* 382 Mass. 309, 313-315 (1981).

In pressing her remaining claim against the town of Hudson, the plaintiff must show that the defendants owed her a special duty of care beyond the duty owed to the public at large. *Nickerson* v. *Commonwealth, ante* at 476, 478 (1986). *Ribeiro* v. *Granby,* 395 Mass. 608, 613 (1985). *Dinsky* v. *Framingham,* 386 Mass. 801, 810 (1982). The plaintiff relies on *Irwin* v. *Ware,* 392 Mass. 745 (1984), to argue that such a special duty is established by the town's licensing of the Portuguese Club under the State statutes and town by-laws that prohibit serving liquor to minors and driving while intoxicated. We disagree.

---

[4] General Laws c. 258, § 1 (1984 ed.), defines "public employee" as "elected or appointed, officers or employees of any public employer, whether serving full or part-time, temporary or permanent, compensated or uncompensated, and officers or soldiers of the military forces of the commonwealth." The plaintiff does not dispute that the individual defendants are public employees.

In *Irwin,* we did find a special duty in the relationship be-tween "a police officer who negligently fails to remove an intoxicated motorist from the highway, and a member of the public who suffers injury as a result of that failure." *Id.* at 762. As we stated there, and reiterated in both *Ribeiro* and *Nickerson,* our conclusion that a special duty existed was based on the "legislative intent to protect both intoxicated persons and other users of the highway," *Irwin, supra* at 762, *and* on "the risk created by the negligence of a municipal employee . . . of immediate and foreseeable physical injury to persons who cannot reasonably protect themselves from it." *Id.* at 756.

Even if we assume that the relevant liquor licensing and traffic statutes and by-laws (none of which the plaintiff cites) evince a legislative intent to protect both intoxicated minors and other users of the highways, the allegations of the complaint do not show that the alleged negligence created a risk of im-mediate and foreseeable physical injury. Unlike the situation in *Irwin,* there was no foreseeably identifiable perpetrator whom the town negligently failed to remove from the highways. Nor was the risk "immediate." As in *Ribeiro* and *Dinsky,* this case presents a "relatively leisurely course of events." *Irwin, supra* at 756. The complaint alleges that the dangerous traffic conditions had existed at least ten years, and that drunk driving by minors had continued for at least six months after the Ap-pletons had notified the town of the problem.

Taking all inferences in favor of the plaintiff, we may assume that the situation was indeed dangerous and that town officials ought to have done something. But the obligation to provide adequate police protection in a neighborhood is precisely the type of general duty which the "public duty" rule protects. The fact that the Appletons complained about this particular condi-tion does not transform this generalized public duty into a specific duty to protect them. Citizen redress ordinarily is through the political process. We sympathize with the severe loss suffered by the plaintiff. However, the Massachusetts Tort Claims Act is not a remedy for shortcomings of the political process.

2. *Claims under the Massachusetts Civil Rights Act.* The plaintiff also seeks damages under G. L. c. 12, § 11I, the Massachusetts Civil Rights Act.[5] To establish a claim under the Act, a plaintiff must allege and prove (1) that her "exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with," G. L. c. 12, § 11I, and (2) that the interference or attempted interference was by "threats, intimidation or coercion." G. L. c. 12, § § 11H, 11I. We need not decide whether the defendants interfered with the plaintiff's or her decedent's rights. Taking all inferences in favor of the plaintiff, the complaint still does not allege any conduct by anybody that can be considered a "threat, intimidation or coercion." See *Bell* v. *Mazza,* 394 Mass. 176, 182-184 (1985). This claim was properly dismissed.

3. *Federal Civil Rights Act.* The plaintiff also seeks to recover under 42 U.S.C. § 1983 (1982), the Federal Civil

---

[5] General Laws c. 12, § 11H (1984 ed.), provides: "Whenever any person or persons, whether or not acting under color of law, interfere by threats, intimidation or coercion, or attempt to interfere by threats, intimidation or coercion, with the exercise or enjoyment by any other person or persons of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, the attorney general may bring a civil action for injunctive or other appropriate equitable relief in order to protect the peaceable exercise or enjoyment of the right or rights secured. Said civil action shall be brought in the name of the commonwealth and shall be instituted either in the superior court for the county in which the conduct complained of occurred or in the superior court for the county in which the person whose conduct complained of resides or has his principal place of business."

General Laws c. 12, § 11I (1984 ed.), provides: "Any person whose exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with, as described in section 11H, may institute and prosecute in his own name and on his own behalf a civil action for injunctive and other appropriate equitable relief as provided for in said section, including the award of compensatory money damages. Any aggrieved person or persons who prevail in an action authorized by this section shall be entitled to an award of the costs of the litigation and reasonable attorneys' fees in an amount to be fixed by the court."

Rights Act.[6] To establish a claim under § 1983, a plaintiff must allege (1) that the defendants acted "under color of state law" and (2) that the defendants deprived them of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt* v. *Taylor,* 451 U.S. 527, 535 (1981). There is no question that the defendants acted under color of State law, but the plaintiff has failed to allege facts sufficient to support a finding that the defendants deprived them of rights secured by the Constitution or laws of the United States.

In her complaint, the plaintiff alleges that the "public officials of the municipality of Hudson did implicitly or tacitly authorize, approve or encourage this harassment of the Appletons and residents of River Street" and that "the defendants combined and conspired to commit an individual act, or to commit a lawful act by unlawful means and unlawful acts in agreement between all parties to inflict a wrong or injury upon the Appletons." Apart from these conclusory statements, the complaint does not allege any affirmative or intentional acts by the defendants. The essence of the complaint is that the defendants' negligent failure to act in response to dangerous conditions along River Street caused the Appletons' injuries and deprived them of their rights under the due process clause of the Fourteenth Amendment.[7]

The United States Supreme Court recently held that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life,

---

[6] 42 U.S.C. § 1983 (1982), provides: "Every person who, under color of any statute, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[7] The plaintiff's amended complaint alleges a "substantive denial of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments of the Constitution." Application of the First, Fourth, Fifth, and Sixth Amendments is wholly inapposite to the facts alleged in the complaint. Nothing in the plaintiff's brief or oral argument suggests which of the rights secured by these amendments the plaintiff believes were implicated by the defendants' acts.

liberty or property" (emphasis in original). *Daniels* v. *Williams,* 474 U.S. 327, 328 (1986). "[L]ack of [due] care simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Davidson* v. *Cannon,* 474 U.S. 336, 347-348 (1986). Our inquiry need go no further.[8] The defendants' allegedly negligent failure to provide better police protection along River Street was a policy judgment with which the Appletons and other Hudson citizens could express their disagreement through petition and the ballot box; it does not amount to an abuse of power against which the Fourteenth Amendment provides protection. *Daniels* v. *Williams, supra* at 335. *Davidson* v. *Cannon, supra* at 348. The plaintiff's claim under 42 U.S.C. § 1983 (1982) was properly dismissed.

*Judgment affirmed.*

---

[8] Nothing in the complaint suggests that the defendants' actions or inactions rise to the level of recklessness or "gross negligence." In *Daniels* v. *Williams, supra,* the Supreme Court left open the question whether conduct that is something less than intentional but more than negligent would be enough to trigger the protections of the due process clause and thus a remedy under 42 U.S.C. § 1983 (1982). *Id.* at 334 n.3. The Court also reiterated its prior holding that negligent conduct may be sufficient to trigger other constitutional rights. *Id.* at 331.