Hurley, J.
This appeal is before the Appellate Division on a report by the trial judge pursuant to Dist/Mun. Cts. R. Civ. P., Rule 64(d). The dispute between the parties arises out of the purchase of a single family dwelling by the plaintiffs, the Surabians, from the defendants, the Melones. The plaintiffs allege, in part, that the homeowners concealed, with the intent to deceive the plaintiffs, the presence in the dwelling of Urea-Formaldehyde — Foamed-In-Place-Insulation (UFFI). The Melones filed a Motion to Dismiss pursuant to Dist/Mun. Cts. R. Civ. P., Rule 12(b)(6). After hearing, the trial judge allowed the motion to dismiss and entered judgment dismissing count one of the plaintiffs’ complaint.
We summarize the facts alleged in the plaintiffs’ complaint. On February 12, 1985, the plaintiffs executed a purchase and sale agreement to purchase a single family residence located in West Harwich, Massachusetts then owned by the defendants. By an addendum to the agreement, the parties agreed to a home inspection contingency which provided in pertinent part:
If the Buyer finds substantial defects, the presence of Lead Paint or UFFI in the property as a result of the inspection, the Buyer may terminate this agreement by written notice to the Seller and/or the Broker, as agent for the Seller, prior to the expiration of such time, whereupon all deposits made under this agreement shall be forthwith refunded and this agreement shall be void without recourse to the parties hereto.
At some time prior to the date for performance, the plaintiffs allege that the defendants induced the plaintiffs to forego the UFFI home inspection “by *125 offering to repair certain frayed cable observed by the plaintiffs upon cursory examination of the home.” The plaintiffs allege further that the defendants concealed the presence of UFFI in the property with the intent to deceive the plaintiffs. The plaintiffs bought the home without knowledge of the presence of the insulation.
The plaintiffs contend that the dismissal of their complaint under Rule 12(b) (6) as to the Melones was in error. “ ‘(A) complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff-can prove no set of facts in support of his claim which would entitle him to relief.’ Furthermore, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs’ favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977) [quoting Conley v. Gibson, 355 U.S. 41, 45-56 (1957)]; Appleton v. Hudson, 397 Mass. 812, 814-15 (1986); Capazzoli v. Holzwasser, 397 Mass. 158, 160 (1986).
The plaintiff is required by Dist/Mun. Cts. R. Civ. P., Rule 8 (a) to plead a short and plain statement of the claim showing that the pleader is entitled to relief. The plaintiffs’ complaint does not contain allegations of the particular words used by the defendants to induce the plaintiffs to forego their right of inspection. The complaint does not allege that the defendants had the UFFI installed in the dwelling nor that the defendants had knowledge that such insulation was present in the dwelling. Absent some fiduciary relationship or other legally imposed duty to disclose, a seller of a home is under no obligation to disclose a hidden defect to a potential purchaser. Swinton v. Whitinsville Savings Bank, 311 Mass. 677, 678 (1942)[3]. However, if a seller “does speak with reference to a given point of information, voluntarily or at the other’s request, he is bound to speak honestly and to divulge all the material facts bearing upon the point that lie within his knowledge.” Kannavos v. Annino, 356 Mass. 42, 48 (1969). If the seller makes representation to induce a buyer not to undertake an independent examination, failure to undertake such an examination may not preclude recovery. Snyder v. Sperry & Hutchinson Co., 368 Mass. 433, 446 (1975).
In this case, there was no evidence before the motion judge of the circumstances or words used at the time the plaintiffs’ agreed to forego the property examination. At this stage of the proceedings, we are not prepared to say there is no conceivable set of facts which would warrant recovery for the plaintiffs.
The ruling on the motion to dismiss is reversed.

 The plaintiffs’ claims are based on theories of fraudulent concealment and deceit. By adding section 121 to G.L. c. 255, effective July 1,1986, the legislature required disclosure of the presence of UFFI to the prospective purchaser of a residential dwelling. Because this statute became effective July 1,1986, it does not apply here.