JOSEPH J. RINKAUS, JR., & another[1] *vs.* TOWN OF CARVER.

Plymouth. May 2, 1994. - August 4, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Negligence*, Municipality. *Municipal Corporations*, Liability for tort. *Massachusetts Tort Claims Act.*

A municipality owed no special duty to a pedestrian crossing a State highway beyond its duty to the general public to provide police protection at an accident scene that was causing traffic congestion. [574-575]

CIVIL ACTION commenced in the Superior Court Department on May 20, 1988.

The case was heard by *Gerald F. O'Neill, Jr.,* J., on a motion for summary judgment.

The Supreme Judicial Court granted a request for direct appellate review.

*John A. Irwin, Jr.,* for the plaintiffs.

*John H. Stevens* for the defendant.

LIACOS, C.J. Joseph J. Rinkaus, Jr., was seriously and permanently injured as a result of being struck by an automobile on Route 44, a State highway in Carver on August 2, 1985. The accident occurred on the second day of what had become somewhat of a spectacle for local residents: a large piece of heavy machinery had become stuck in a cranberry bog and began to sink; efforts to extricate it were not immediately successful. Each day, large crowds gathered alongside the bog to watch the workers attempting to free the machine. This resulted in heavy traffic in the area, with many vehicles parked along the road.

[1]Cheryl M. Rinkaus, his mother.

Joseph was struck as he crossed Route 44 on his way to a store on the opposite side of the road from the bog. He was going to get refreshments for the workers. His mother was summoned, and she arrived within five minutes to find her fourteen year old son lying in a pool of blood in the middle of the road.

Joseph and his mother, Cheryl M. Rinkaus (plaintiffs), brought several claims against the town of Carver (town), alleging that the town was negligent in failing to address safety problems brought about by the assembly of a large crowd of people with automobiles watching the extraction of a piece of heavy machinery from a cranberry bog.[2] The town moved for summary judgment, arguing that the discretionary function exception to the Massachusetts Tort Claims Act, G. L. c. 258, § 10 (*b*) (1992 ed.), and the so-called public duty rule barred the plaintiffs' recovery. A judge of the Superior Court allowed the town's motion, ruling: "Decision not to provide police at scene of accident or traffic congestion is discretionary function with no clear standard, or action or identifiable group or particular class beyond general public to be protected." The plaintiffs appealed, and we allowed their application for direct appellate review. We affirm.

The judge appeared to base his decision on both the discretionary function exception to the Massachusetts Tort Claims Act (G. L. c. 258), and the public duty rule. See *Dinsky* v. *Framingham*, 386 Mass. 801, 805-808 (1982). We need address only the latter issue, as it is dispositive.[3] Under our decisions interpreting G. L. c. 258, as in effect in 1985 (the time of this incident), the conduct complained of here could not form the basis for liability under the "traditional" public

---

[2]All claims against the driver, Mary McCarroll Gilbert, have been settled and are not part of this appeal. Summary judgment was entered in favor of M. A. Lopes Contracting, Inc., in all claims against it.

[3]After the case was transferred to this court, the Legislature, in response to our decision in *Jean W.* v. *Commonwealth*, 414 Mass. 496 (1993), amended the Massachusetts Tort Claims Act. See St. 1993, c. 495, § 57, adding G. L. c. 258, § 10 (*e*) - (*j*). We need not rely on the amendment to the Massachusetts Tort Claims Act to decide this case.

duty rule. See *Appleton* v. *Hudson*, 397 Mass. 812, 816 (1986) ("we may assume that the situation was indeed dangerous and that town officials ought to have done something. But the obligation to provide adequate police protection . . . is precisely the type of general duty which the 'public duty' rule protects"). There was no error.

*Judgment affirmed.*