Kaplan, Mitchell H., J.

INTRODUCTION

The plaintiff, Diahn Simonelli (“Simonelli”), filed suit against the defendants, Paul and Nancy LaF-ramboise, alleging claims for: declaratory relief (Count I), violation of G.L.c. 12, §111 (Count III), injunctive relief (Count V) and destruction of trees pursuant to G.L.c. 242, §7 (Count VI).[2]The case is before the court on the parties’ cross motions for summary judgment. For the following reasons, the motions of both parties are DENIED.

BACKGROUND

[3]

I. Removal of Trees

Simonelli is the owner of property located at 6 Bates Crossing, Webster, Massachusetts (“Simonelli property”). The deed to the Simonelli property states that it is “Subject to a right of way to Louis Wielock and Mary A. Wielock, husband and wife . . .” The defendant, Nancy LaFramboise, purchased the dominant parcel, located at 1 Happy Tree Lane, in August 2006. The deed to the dominant parcel grants a “right of way 10 feet in width . . .” across the Simonelli property. In the Fall of 2006 the defendants applied to and subsequently received permission from the Webster Conservation Commission to remove trees, brush and debris from the easement. In that application, Nancy LaF-romboise certified that she sent a complete copy of her request to remove the trees to the property owner “and the appropriate DEP Regional Office.” Simonelli avers that she did not receive notice regarding the defendants’ application to the Conservation Commission.
At the defendants’ request, the Tree Warden for the Town of Webster inspected the trees on the easement in March 2007 and determined that the damage to one tree was so extensive that it should be removed. The defendants, however, contacted an arborist and instructed it to cut down all the trees on the easement. In March 2007, the arborist came to remove the trees, but left when Simonelli came out of her house yelling for the work to stop and called the Webster Police Department. Nancy LaFramboise attests that, by letter dated April 6,2007, she notified Simonelli of her intent to remove several trees obstructing the easement. The return receipt indicates that Simonelli received this letter on April 18, 2007. At some time, the defendants caused all the trees and underbrush to be removed from a ten-foot-wide swath corresponding to the easement and planted grass sod. Simonelli contends that the clearing occurred prior to her receipt of the certified letter.
After the removal of the trees, Simonelli contacted an arborist and obtained a tree loss appraisal report. The report indicated that the appraised value of the trees, including restoring privacy lost when the trees were removed, totals $47,288.00.

II. Civil Rights Violations

Simonelli also contends that the defendants have engaged in a course of intimidation, threats and coercion that constitute violations of the Massachusetts Civil Rights Act (“MCRA”). More specifically, she alleges that the defendants are motivated by a desire to have her sell her property to them at below fair market value so they can demolish her home and build a larger home for themselves on the lake. In support of this allegation, Simonelli states that the defendants purchased a vacant plot of land across from the Simonelli property and have made multiple offers to purchase the Simonelli property from her. Simonelli also attests that Paul LaFramboise came onto her porch after she prevented the arborist from removing trees in March and told her that she “would be in trouble if [she] challenged his authority to do whatever he wanted to do.” He also told her of his position as Chairman of the Planning Board in Webster.
*276 Simonelli further contends that the defendants engaged in other conduct intended to deprive her of the use and enjoyment of her property, including driving four-wheel vehicles, motorbikes and snowmobiles on the right of way in the winter at “all hours of the day and night” and the photographing of her, her guests and her house. She states that she remains in fear of the defendants as a result of their actions.

DISCUSSION

Summary judgment will be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). To prevail on its summary judgment motion, the moving party must affirmatively demonstrate the absence of a triable issue, and that the summary judgment record entitles it to a judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). If the moving party does not have the burden of proof at trial, it may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). “(A]ll evidentiary inferences must be resolved in favor of the [nonmoving party].” Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 544 (2006).
The nonmoving party, however, cannot defeat a motion for summary judgment by merely asserting that facts are disputed. Mass.R.Civ.P. 56(e); Lalonde v. Eissner, 405 Mass. 207, 209 (1989). Rather, to defeat summary judgment the nonmoving party must “go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). “Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient.” Cullen Enters., Inc. v. Massachusetts Prop. Ins. Underwriting Ass’n., 399 Mass. 886, 890 (1987), quoting Madsen v. Erwin, 395 Mass. 715, 721 (1985).

I. Removal of Trees

Simonelli contends that the defendants violated G.L.c. 242, §7, which provides
A person who without license wilfully cuts down, carries away, girdles or otherwise destroys trees, timber, wood or underwood on the land of another shall be liable to the owner in tort for three times the amount of the damages assessed therefor; but if it is found that the defendant had good reason to believe that the land on which the trespass was committed was his own or that he was otherwise lawfully authorized to do the acts complained of, he shall be liable for single damages only.
The defendants argue that they are entitled to summary judgment, because Nancy LaFramboise had a “license” to remove the trees. The defendants apparently contend that this “license” arises as a matter of law from the easement to cross the Simonelli property set out in the deeds to that land and the dominant parcel owned by LaFramboise.
The same considerations that govern the interpretation of deeds also govern the interpretation of easements created by deed. Patterson v. Paul, 448 Mass. 658, 665 (2007). That is, the easement’s meaning “derived from the presumed intent of the grantor, is to be ascertained from the words used in the written instrument, construed when necessary in the light of the attendant circumstances.” Id., citing Sheftel v. Lebel, 44 Mass.App.Ct. 175, 179 (1998) (“The extent of an easement depends on the circumstances of its creation”). In the present case, the summary judgment record suggests that the easement was described simply as a right of way ten feet in width and appears to have been originally granted to the owner of the dominant parcel in 1940, although that is not entirely clear as the instrument first creating the easement was not submitted by either party. The purpose of the easement at the time of its grant and the extent to which the defendants were entitled to remove all the trees and vegetation from it or otherwise improve it constitute genuine issues of material fact. Therefore, summary judgment must be denied on both cross-motions addressing Count IV.

II. Massachusetts Civil Rights Act

The defendants contend that they are entitled to summary judgment on Simonelli’s claim for violations of the MCRA, because she has submitted no evidence from which a jury could return a verdict against them.
To establish a claim under the MCRA, a claimant “must allege and prove (1) that her ‘exercise or enjoyment of rights secured by the constitution or laws of the United States, or of rights secured by the constitution or laws of the commonwealth, has been interfered with, or attempted to be interfered with,’ and (2) that the interference or attempted interference was by ‘threats, intimidation or coercion.’ ” Appleton v. Hudson, 397 Mass. 812, 817 (1986), quoting G.L.c. 12, §§11H, 111. In the present case, Simonelli has alleged a constitutionally-secured right to use and enjoy her property and there is a genuine issue of material fact as to whether the defendants’ alleged actions constitute coercion designed to interfere with that right.
“[T]he right to use and enjoy one’s own property is constitutionally secured.” Haufler v. Zotos, 446 Mass. 489, 504 (2006). “This right extends to ‘the right to own land and to use and improve it according to the owner’s conceptions of pleasure.’ ” Kennie v. Natural Res. Dept., 451 Mass. 754, 760 (2008), quoting Brett v. Building Comm’r of Brookline, 250 Mass. 73, 77 (1924). In this case, Simonelli asserts that the *277 defendants’ conduct has interfered with her right to use and enjoy her property. Specifically, she avers that the defendants have driven motorized vehicles across the easement at all hours, unlawfully removed trees that afforded her privacy, and photographed her, her guests and her property in a threatening manner.
The attested to conduct can only violate the MCRA “if it is accomplished through threats, intimidation, or coercion. This limitation prevents the act from creating avast, constitutional tort.” Kennie, 451 Mass. at 763. A “threat” is “the intentional exertion of pressure to make another fearful or apprehensive of injury or harm.” Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 474, cert. denied, 513 U.S. 868 (1994). “Intimidation” involves putting one “in fear for the purpose of compelling or deterring conduct.” Id. “Coercion” is the application to another of force “to constrain him to do against his will something he would not otherwise have done.” Id., quoting Deas v. Dempsey, 403 Mass. 468, 471 (1988).
While threats and intimidation are often accompanied by actual or threatened physical force, coercion is broader, and “may rely on physical, moral, or economic coercion.” See Haufler, 446 Mass. at 505. In the present case, the court cannot say, as a matter of law, that a jury would be unable to find that the conduct described above constituted coercive acts intended to interfere with Simonelli’s use and enjoyment of her property and to coerce her into selling it to the defendants. Conversely, the court cannot conclude, as a matter of law, that a jury would credit Simonelli’s allegations, or, even if it did, that it would find that the defendants’ actions were intended to coerce Simonelli and deprive her of the use and enjoyment of her property. Summary judgment is, therefore, denied with respect to Count III.

ORDER

For the reasons stated, it is hereby ORDERED that the motion of the plaintiff, Diahn Simonelli, for summary judgment is DENIED, and that the motion of the defendants, Paul and Nancy LaFramboise, for summary judgment is also DENIED. The motion of the defendants, Paul and Nancy LaFramboise, to strike certain paragraphs of Simonelli’s affidavit is ALLOWED, as to averments 20, 29, 30 and 39 only.

Counts II and IV, seeking damages and alleging a violation of G.L.c. 93A, were dismissed by this court (Henry, J.).

The defendants moved to strike a number of averments from Simonelli’s affidavit in support of her motion for summary judgment. The following averments are stricken as irrelevant to the matters in dispute or hearsay: 20, 29, 30 and 39.