Fremont-Smith, Thayer, J.
The defendant Lawrence Kiely is a Massachusetts State Police Officer who, on December 4, 2004 at 10:45 p.m., while patrolling near a duck pond on MDC property in Weston, encountered the plaintiff, who sought to avoid the police. After Kiely inquired as to Foley’s name and date of birth and being provided with same, Kiely did an electronic warrant check which indicated that there was an outstanding warrant against Michael Foley in Florida for possession of marijuana. Foley was detained and was unable to post bail. He was held in custody until the charges against him were nolle prossed on December 14,2004.
Foley then brought this action in 2007, and, following the case’s removal to the Federal District court, that court dismissed all of the counts of the complaint except those alleging violations of state law against Kiely.[1]
Kiely now moves for summary judgment on the remaining counts of the complaint.[2]
DISCUSSION
M.G.L.c. 276, §23A provides:
No law enforcement officer, who in the performance of his duties relies in good faith on the warrant appearing in the management system and, in turn, the criminal justice information system, shall be liable in any criminal prosecution or civil action alleging false arrest, false imprisonment, or malicious prosecution or arrest by false pretenses.
False Arrest and False Imprisonment (Counts One and Three)
Plaintiff has alleged in CountOne that Trooper Kiely committed the tort of false arrest. There are disputed issues of fact, however, as to whether Kiely went beyond performing an investigatory stop of the plaintiff (which in the circumstances he was entitled to do)[3] but proceeded to the arrest of Foley before Kiely had been apprised of the Florida warrant. Accordingly, Kiely’s motion is denied as to Count One.
Foley alleges, moreover, that he was held in custody for at least an hour before Kiely was apprised of the warrant. With respect to the tort of false imprisonment, the burden of proving that a confinement was justified is on the defendant. See e.g., Julian v. Randazzo, 380 Mass. 391, 395 (1980); Jackson v. Knowlton, 173 Mass. 94, 95 (1899). If the initial arrest of the plaintiff is deemed illegal, the resulting confinement or imprisonment could also be found to have been illegal. Wax v. McGrath, 255 Mass. 340, 342 (1926).
As there are disputed questions of fact whether the period of Foley’s confinement before Kiely learned of the warrant constituted a false imprisonment, Kiely’s motion is denied as to Count Three.
Malicious Prosecution (Count Two)
In an action for malicious prosecution the plaintiff has the burden of showing that “the prosecution against him was instigated by the defendant both maliciously and without probable cause.” Griffin v. Dearborn, 210 Mass. 308, 312 (1911). In the instant case, the identifying information provided by the plaintiff to Trooper Kiely matched information in the Warrant Management System and indicated an outstanding warrant in the State of Florida. The prosecution of the plaintiff was thus based on probable cause as it was supported by a facially valid warrant. G.L.c. 276, §23A. Accordingly, defendant’s motion will be allowed as to Count Two.
Intentional Infliction of Emotional Distress (Count Four)
In Foley v. Polaroid Corp., 400 Mass. 82, 99 (1987), the court said that, to prove this tort, it is not enough to show that
the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation which would entitle plaintiff to punitive damages for another tort; rather, liability has been found only where the conduct has been so outrageous in character, so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Restatement (Second ofTorts, §46 comment d (1965).
(Internal citations omitted.)
Moreover, it is the responsibility of the Court to initially determine whether the conduct may reasonably be considered “outrageous” and “beyond all possible bounds of decency.” Boyle v. Wenk, 378 Mass. 592, 598 n. 11 (1979). In the instant matter, there are no facts upon which a jury could reasonably conclude that Kiely acted with an intention to inflict emotional distress upon Foley under the criteria set forth in Foley. Accordingly, defendant’s motion will be allowed as to Count Four.
*68 Violation of the Massachusetts Civil Rights Act (Count Six)
To state a claim under the MCRA, a plaintiff must prove that (1) his/her exercise or enjoyment of rights secured by the constitution or laws of either the United States or the Commonwealth (2) has been interfered with, or attempted to be interfered with, and (3) that the interference or attempted interference was by threats, intimidation or coercion. Swanset Development Corp. v. Taunton, 423 Mass. 390, 395 (1966). See also Grant v. John Hancock Mut. Life Ins. Co., 183 F.Sup.2d 344, 371 (D.Mass. 2002); Appleton v. Town of Hudson, 397 Mass. 812, 817 (1986) (whether a plaintiff s rights have been interfered with need not be decided where, taking all inferences in favor of the plaintiff, there are insufficient allegations that a defendant engaged in “threats, intimidation or coercion”); Bally v. Northeastern University, 403 Mass. 713, 717 (1989).
Plaintiff cites Sarvis v. Boston Safe Deposit & Trust Co., 47 Mass.App.Ct. 86 (1999), for the proposition that the arrest and detention of the plaintiff by the police were in and of themselves “intrinsically coercive” acts. Id. at 92. But, in Sarvis, defendant had engaged in threats to have the plaintiff arrested if plaintiff did not voluntarily vacate the property without having to be legally evicted. Here, unlike the situation in Sarvis, plaintiff was not threatened with detention but was actually detained. Thus there was here an alleged “direct violation” of the plaintiffs rights (not just a threatened violation). A direct violation of a plaintiffs rights has been held not to constitute a “threat, intimidation or coercion” under the Act. Id. at 93 and cases there cited.
As no other threats, intimidation or coercion against Foley is alleged, defendant’s motion will be allowed as to Count Six.
Abuse of Process (Count Seven)
M.G.L.c. 276, §23A does not specifically immunize an officer from an action for abuse of process, where, as here, the action is premised upon a warrant as described in c. 276, §23A. But as an action for malicious prosecution is barred by the statute, it would be incongruous to permit a juiy to find liability on the same facts now labeled an “abuse of process.” Accordingly, defendant’s motion as to Count Seven will be allowed.
ORDER
For the above reasons, all of the remaining counts of the complaint are dismissed except for Count One (false arrest) and Count three (false imprisonment), as to which defendant’s motion is DENIED.

 Foley’s appeal of the dismissal of the federal law counts of the complaint is pending in the First Circuit Court of Appeals.

 Count One (false arrest), Count Two (malicious prosecution), Count Three (false imprisonment), Count Four (intentional infliction of emotional distress), Count Six (violation of the Massachusetts Civil rights Act), Count Seven (abuse of process).

 MDC Rules and Regulations provide that “no person is allowed on MDC Reservations except during the hours dawn to dusk . . .”