NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1187

PETER J. CHONGARLIDES, SR.

vs.

THOMAS M. HODGSON & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Peter J. Chongarlides, Sr., appeals from a Superior Court judge's dismissal of his complaint after allowing the defendants' motion to dismiss. The plaintiff argues that the judge erred because the defendants were "time barred" from filing their motion to dismiss and that his complaint should not have been dismissed as moot and inadequate to state a claim. The plaintiff further argues that the judge erred in not recusing herself from presiding over this matter and in not granting his motion to strike. We disagree and affirm the dismissal.

---

[1] Steven J. Souza; Joseph Oliver, Third; Robert Horta; and Kenneth Souza.

1. <u>Motion to dismiss</u>. Chongarlides claims that the judge erred in allowing the defendants' motion to dismiss because it was not timely filed. He incorrectly asserts that the defendants were ordered to file their motion on or before November 18, 2022, but they did not do so. "We review the allowance of a motion to dismiss de novo." <u>Curtis</u> v. <u>Herb Chambers I-95, Inc.</u>, 458 Mass. 674, 676 (2011).

Examination of the docket reflects that the defendants were to <u>serve</u> their motion to dismiss by November 18, 2022, and they did so pursuant to Superior Court Rule 9A. The defendants subsequently <u>filed</u> their motion and memorandum on December 2, 2022, in compliance with the bundling requirement of Rule 9A and within the time allowed by Rule 9A. The defendants' service and filing of their motion were neither untimely nor time barred. See Rule 9A (b) of the Rules of the Superior Court (2023). Thus, we discern no error in the judge's allowance of the defendants' motion to dismiss.

2. <u>Mootness</u>. Chongarlides further claims that the Superior Court erred in dismissing his complaint as moot. "A case becomes moot when 'no actual controversy remains, or the party claiming to be aggrieved "ceases to have a personal stake in its outcome."'" <u>Fannie Mae</u> v. <u>Branch</u>, 494 Mass. 343, 347 (2024), quoting <u>DiMasi</u> v. <u>Secretary of the Commonwealth</u>, 491 Mass. 186, 190 (2023). For instance, an inmate's case for

2

sentencing credits is moot once that inmate has been released. See Commonwealth v. Anastos, 438 Mass. 846, 849 (2003). Mootness is a question of law which we review de novo. See Caputo v. Moulton, 102 Mass. App. Ct. 251, 253 (2023).

In his complaint, Chongarlides sought injunctive relief and "the award of earned good conduct credits, that he [maintains he] earned [from the Bristol County House of Correction], and was not awarded during 2021 while serving a sentence." However, it appears that Chongarlides's sentence ended in June 2021, but he filed his civil complaint in June 2022.[2] In other words, he was no longer serving that sentence at the Bristol County House of Correction when he filed his civil lawsuit. "[L]itigation is considered moot when the party who claimed to be aggrieved ceases to have a personal stake in its outcome. A party no longer has a personal stake in a case where a court can order no

---

[2] In June 2019, Chongarlides was sentenced to a two-year term in the Bristol County House of Correction and three years of probation on docket number 1833-CR-004475. On March 19, 2021, Chongarlides's sentence was revised to fifteen months with 101 days good time credit. Accordingly, his sentence was completed by June 6, 2021.

In July 2020, Chongarlides was held on $1,000 bail on docket number 2033-CR-002241. From late 2020 through January 2023, Chongarlides was held in pretrial detention, G. L. c. 276, § 58A, on numerous cases, in both the District and Superior Courts. Thus, Chongarlides may have been in custody of the Bristol County House of Correction when he filed his lawsuit, but he was not serving his sentence at that time.

further effective relief" (quotations and citation omitted). Troila v. Department of Correction, 490 Mass. 1013, 1014 (2022). Therefore, there was no error in dismissing all claims for declaratory and injunctive relief as moot where Chongarlides had no remaining personal stake in its outcome.[3]

3. Failure to state a claim.[4] Chongarlides asserts that the judge erred in dismissing his claims which asserted that the defendants, in their official and individual capacities, violated his rights guaranteed by 42 U.S.C. § 1983. We review de novo the sufficiency of a complaint. See Curtis, 458 Mass. at 676.

To properly state a claim under § 1983, a plaintiff must plead that the defendant's conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Appleton v. Hudson, 397 Mass. 812, 818 (1986). As pertinent here, "[t]here is no constitutional

---

[3] Chongarlides complains that his lawsuit is not moot because when he was released from the Bristol County House of Correction in January 2023, he was still on probation and if he violates the terms of his probation he could be put back into custody. However, there is insufficient information in the complaint for us to verify the term of his probation.

[4] To the extent Chongarlides challenges his treatment under the Americans with Disabilities Act, we need not address this argument because it does not rise to the level of adequate appellate argument. See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019). Similarly, Chongarlides's argument that the judge erred in denying his motion to strike does not rise to the level of adequate appellate argument.

4

right to good time credits." Haverty v. Commissioner of Correction, 440 Mass. 1, 5 (2003). General Laws c. 127, § 129D, "unambiguously gives the commissioner discretion whether or not to award earned good time credits for participation in rehabilitative programs." Piggott v. Commissioner of Correction, 40 Mass. App. Ct. 678, 684 (1996). See G. L. c. 127, § 129D. "A prisoner does not have any entitlement to earned good time until the commissioner acts." Commonwealth v. DeWeldon, 80 Mass. App. Ct. 626, 632 (2011).[5] In other words, Chongarlides has failed to plead a deprivation of a constitutional right where, as here, the commissioner has not acted. See Haverty, supra at 5-6. We thus discern no error in dismissing the § 1983 claim against the individual and official capacity defendants.

4. Recusal. For the first time on appeal, Chongarlides asserts that the motion judge was unfairly biased and should have recused herself because she presided over his previous jury

---

[5] "While prisoners do not have any right to receive earned good time, [the Department of Correction (DOC)] has implemented a regulation which provides that '[d]eductions from sentence under [G. L. c. 127, § 129D], once earned, shall not be forfeited.' . . . Thus, prisoners have regulatory and constitutional protection for earned good time which DOC has awarded them, but such protection does not arise until DOC actually makes an award." DeWeldon, 80 Mass. App. Ct. at 632 n.10.

5

trial.  This argument is waived since it was not raised below.
See Boss v. Leverett, 484 Mass. 553, 562-563 (2020).

Even were we to consider this argument, "[t]he matter of recusal is generally left to the discretion of the trial judge, and an abuse of that discretion must be shown to reverse a decision not to allow recusal" (citation omitted).  Haddad v. Gonzalez, 410 Mass. 855, 862 (1991).  The record reveals the judge acted impartially, and well within her discretion.  Moreover, the fact that the motion judge may have learned damaging information about Chongarlides during a previous jury trial does not mandate her recusal.  See Commonwealth v. Campbell, 5 Mass. App. Ct. 571, 587 (1977).  We discern no error.

Judgment of dismissal
  affirmed.

By the Court (Massing,
  Englander & D'Angelo, JJ.[6]),

Clerk

Entered:  June 4, 2025.

---

[6] The panelists are listed in order of seniority.

6